

# NUMBER 13-10-00606-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NESTOR GARZA,** **APPELLANT,**

**v.**

**THE STATE OF TEXAS,** **APPELLEE.**

---

### On Appeal from the 357th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion Per Curiam**

This cause is before the Court on appellant's "Motion to find Notice of Appeal Timely Filed or in the alternative Motion to Extend Time to File Out of Time Notice of Appeal." Appellant, Nestor Garza, was convicted for murder and sentenced to seventy-five years' imprisonment. Garza's sentence was imposed on November 12,

2008. A motion for new trial was not filed, therefore Garza's notice of appeal was due on or before December 12, 2008. *See* TEX. R. APP. P. 4.1 (a), 26.2(a). Garza's appeal was not filed until January 23, 2009. Because the original notice of appeal was not filed timely, this Court lacked jurisdiction to consider the appeal and dismissed it for want of jurisdiction on February 26, 2009. *Garza v. State*, No. 13-09-00049-CR (Tex. App.—Corpus Christi Feb. 26, 2009, no pet.)(not designated for publication).

Garza sought post-conviction habeas relief under article 11.07. On May 19, 2010, the court of criminal appeals granted Garza an out-of-time appeal. *Ex parte Garza*, No. AP-76,353 (Tex. Crim. App. May 19, 2010)(not designated for publication). The court of criminal appeals states in its opinion that if Garza desires to prosecute the appeal, "he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues." The court of criminal appeals issued the mandate on June 14, 2010.

Garza did not file a notice of appeal until October 14, 2010. Counsel's motion advises that he was relying on the original untimely notice of appeal as the means of perfecting the appeal in the out-of-time appeal granted by the court of criminal appeals. Additionally, counsel advises that because he was not appointed until August 20, 2010, filing a notice of appeal within thirty days after the mandate issued would have been impossible.

In granting Garza an out-of-time appeal, the court of criminal appeals expressly required appellant to take affirmative steps to file a written notice of appeal in the trial court within thirty days after the mandate issued. Garza had thirty days from June 14, 2010, to file a new notice of appeal. Garza's notice of appeal was untimely, and

2

accordingly, we lack jurisdiction over the appeal.   Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction.   *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).   Accordingly, appellant's Motion to Find Notice of Appeal Timely Filed or in the alternative Motion to Extend Time to File Out of Time Notice of Appeal is DENIED.

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish.   *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of January, 2011.

3